Bruce FEDDER, Marsha Fedder, Don Anderson, Ann Anderson, Bob G. Fullen, Dave Padgett, Lynn Padgett, Ed West, Ronnie West, Bob Hoefer, May Lou Hoefer, Steve Beasley, and Joan Beasley, Plaintiffs–Appellees,

v.

Francis McCURDY, Sonya Blackstock and Suzy McDanal, as Members of the Board of County Commissioners of the County of Douglas, State of Colorado, and as Members of the Board of Adjustment of the County of Douglas, State of Colorado, Lewis Christiansen, Theresa Christiansen as Members of the Board of Adjustment of the County of Douglas, State of Colorado, and Mobile Premix Concrete, Inc., Defendants–Appellants.

Bruce FEDDER, Marsha Fedder, Don Anderson, Ann Anderson, Bob G. Fullen, Dave Padgett, Lynn Padgett, Ed West, Ronnie West, Bob Hoefer, May Lou Hoefer, Steve Beasley, and Joan Beasley, Plaintiffs–Appellees,

v.

MOBILE PREMIX CONCRETE, INC., Defendant–Appellant.

Nos. 85CA1221, 85CA1228.

Colorado Court of Appeals, Div. I.

March 31, 1988.

As Modified on Denial of Rehearing July 14, 1988.

Certiorari Denied Feb. 6, 1989.

Loser, Davies, Magoon & Fitzgerald, Ronald S. Loser, Denver, for plaintiffs-appellees.

James K. Kreutz & Associates, P.C., James K. Kreutz, Daniel J. Torpy, Englewood, for respondents-appellants Bd. of County Com'rs of Douglas County, State of Colo. and Bd. of Adjustment of Douglas County, State of Colo.

Dayton Denious, Denver, Folkestad & Kokish, Ernest F. Fazekas, II, Davis S. TenBrook, Castle Rock, for respondent-appellant Mobile Premix Concrete, Inc.

METZGER, Judge.

Mobile Premix Concrete, Inc. (Mobil Premix), the Douglas County Board of County Commissioners, and the Douglas County Board of Adjustment appeal the trial court's judgment which reversed both a decision by the County Commissioners granting an application to rezone a parcel of land, and a decision by the Douglas County Board of Adjustment granting a height variance to Mobil Premix. Appellants argue that: 1) the plaintiffs lack standing to pursue this appeal; 2) the trial court improperly substituted its judgment for that of the County Commissioners and ignored competent record evidence when it reversed the County Commissioner's decision to grant the rezoning application; 3) the trial court erred in finding that the Board of Adjustment did not have jurisdiction to act upon the variance without Mobil Premix first being denied a building permit; and 4) the trial court erred in finding that the notice of the Board of Adjustment hearing was insufficient to confer jurisdiction upon the Board to proceed. They also contend that the trial court erred in finding that the Board of Adjustment was illegally constituted. We affirm in part, reverse in part, and remand for such other proceedings as may be appropriate.

Intending to erect a concrete batch plant on a 13-acre parcel it owned, Mobil Premix applied for rezoning to the Douglas County authorities. It sought to have the parcel rezoned from A-1 (Agricultural) to G-I (General Industrial), and also requested a variance from the 60-foot height limitation in a G-I zone.

The Douglas County Planning office scheduled a public hearing before the Board of Adjustment on the application for a height variance on November 22, 1982; a public hearing before the Planning Commission on the application for rezoning on November 23, 1982; and a public hearing before the County Commissioners on the application for rezoning on December 6, 1982.

Notices of these hearings were published and the hearings were held as scheduled. On November 22, 1982, the Board of Adjustment granted the height variance, contingent upon the County Commissioners' grant of the application for rezoning. At the November 23, 1982, hearing the Planning Commission recommended that the application for rezoning be denied. Neverthe-

less, on December 6, 1982, the County Commissioners granted the application for rezoning.

Thereafter, the plaintiffs, who resided near the property in question, brought two actions pursuant to C.R.C.P. 106(a)(4), seeking review of the decisions granting the variance and rezoning. These actions were subsequently consolidated. The trial court then reversed the County Commissioners' decision to grant the rezoning application and the Board of Adjustment's decision to grant the variance.

## I.

Appellants first assert that the trial court erred in finding that the plaintiffs had standing to seek review of the decisions. We disagree.

The proper inquiry on standing is whether the plaintiff has suffered injury in fact to a legally protected interest as contemplated by statutory or constitutional provisions. *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977). The proper resolution of this question involves two considerations: 1) whether the petitioner has suffered actual injury from the challenged governmental action; and 2) whether the injury is to a legally protected or cognizable interest. *State Board for Community Colleges & Occupational Education v. Olson,* 687 P.2d 429 (Colo.1984).

Colorado has long recognized the legal right of neighboring land owners to rely on the fact that the zoning of land in their neighborhood will not be changed, absent substantial reasons therefor. *Holly Development, Inc. v. Board of County Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959). If this legal right is invaded by a rezoning decision such that neighboring landowners are adversely affected, they have a right to seek judicial relief. *Thornton v. Board of County Commissioners,* 42 Colo.App. 102, 595 P.2d 264 (1979), *aff'd,* 629 P.2d 605 (Colo.1981); *Bedford v. Board of County Commissioners,* 41 Colo.App. 125, 584 P.2d 90 (1978).

The record here contains sufficient evidence to establish actual injury. Plaintiffs are the members of the community who will be affected adversely by the construction of the batch plant. The plant will be located only one-half mile from the residential area where plaintiffs live, and it will cause severe dust problems and increased traffic on the road which serves plaintiffs' homes. Moreover, this same road passes directly in front of the school attended by their children.

Thus, the plaintiffs have satisfied the test in *Wimberly v. Ettenberg, supra,* and the trial court did not err in concluding that they have standing to challenge these decisions.

## II.

Appellants next argue that the trial court improperly substituted its judgment for that of the County Commissioners and ignored competent record evidence when it reversed their decision granting the application for rezoning. We agree.

When a court reviews an agency decision under C.R.C.P. 106, it is limited to matters contained within the record of the proceeding before the agency. *Hessling v. Broomfield,* 193 Colo. 124, 563 P.2d 12 (1977). The court must look to the entire record and must uphold a rezoning decision unless there is no competent evidence to support it. *King's Mill Homeowners Ass'n v. Westminster,* 192 Colo. 305, 557 P.2d 1186 (1976). The burden is on the individual challenging the action to overcome the presumption that the agency's acts were proper. *Huneke v. Glaspy,* 155 Colo. 593, 396 P.2d 453 (1964).

Here, there was competent evidence in the record to support the decision of the County Commissioners. The record of the hearing before the County Commissioners contains sufficient, competent evidence concerning the proposed rezoning, including traffic, water, and drainage impacts, other environmental concerns, changed circumstances, and demand for the erection of the batch plant, to justify its decision. Under these circumstances, the trial court erred in substituting its judgment for that of the County Commissioners.

### III.

Appellants also contend that the trial court erred in determining that the notice of the Board of Adjustment hearing was insufficient to confer jurisdiction upon the Board to proceed. We disagree.

To confer jurisdiction on an agency, a public notice of the type at issue here must be clear, definite, explicit, and not ambiguous. A notice is not clear unless its meaning can be apprehended without explanation or argument. *Holly Development, Inc. v. County Commissioners, supra.* The notice here fails to meet these requirements.

It states:

"Public notice is hereby given that on Monday, November 22, 1982, at 10:00 o'clock a.m. in the rooms of the Board of County Commissioners and the Board of Adjustment, 301 Wilcox Street, Douglas County, Castle Rock, Colorado Mobile Premix will seek a variance from the Board of Adjustment concerning the maximum height of a structure in a G–I zone situated in: [legal description]."

We agree with the trial court that this notice did not set forth information reasonably necessary to provide adequate warning to all persons whose rights might be affected by the proposed action. It failed to mention the height which was allowed or contemplated, the type or use of the structure involved, or the nature of the proposed change. Thus, the notice was insufficient.

Moreover, the notice was inaccurate and misleading because, at the time of the hearing, the property was zoned A–1 and not G–I. Thus, the notice was without legal effect, and the Board of Adjustment had no jurisdiction to proceed. *Hallmark Builders & Realty v. City of Gunnison,* 650 P.2d 556 (Colo.1982); *Sundance Hills Homeowners Ass'n v. Board of County Commissioners,* 188 Colo. 321, 534 P.2d 1212 (1975); *Holly Development, Inc. v. Board of County Commissioners, supra.*

In light of this conclusion, we need not reach the assignment of error regarding the trial court's finding that the Board of Adjustment was without jurisdiction to proceed because Mobile had not applied for a building permit. We also need not address the plaintiffs' contention that the newly enacted Douglas County zoning ordinance applied to these proceedings.

### IV.

Finally, because we deem the issue likely to arise on remand, we address the plaintiffs' contention that the trial court erred in concluding that the Board of Adjustment was improperly constituted. We hold that this determination constituted error.

Section 30–28–117, C.R.S. (1986 Repl. Vol. 12A) provides that:

"The board of county commissioners of any county which enacts zoning regulations under the authority of this part 1 shall provide for a board of adjustment of three to five members and for the manner of the appointment of such members. Not more than half of the members of such board may at any time be members of the planning commission."

This statute does not proscribe the appointment of any person to the Board of Adjustment unless that person is also a member of the Planning Commission. There is no comparable statute which prohibits members of the Board of County Commissioners from membership on the Board of Adjustment.

Here, the Board of Adjustment consisted of five persons, three of whom were also county commissioners, who had appointed themselves to the Board of Adjustment. No member of either the Board of Adjustment or the Board of County Commissioners was also a member of the Planning Commission. Thus, we conclude that, in the absence of any statutory prohibition, members of the Board of County Commissioners were free to appoint themselves to the Board of Adjustment. Accordingly, the Board of Adjustment was properly constituted.

We are not compelled to reach a different conclusion by the common law doctrine of "incompatible offices," as argued by plaintiffs. That doctrine holds that "incompatibility is recognized whenever one [office] is subordinate to the other in some of its important and principal duties, and sub-

ject in some degree to the other's revisory powers." 63A Am.Jur.2d, *Public Officers & Employees* §§ 79 & 80 at 728–29 (1984).

Here, the "important and principal duties" of the Board of Adjustment are to pass upon special questions, variances, and special exceptions. Section 30–28–118(2)(b), C.R.S. (1986 Repl. Vol. 12A). The decisions of the Board of Adjustment cannot be appealed to or modified by the County Commissioners. Therefore, a county commissioner is free to serve on the Board of Adjustment and the offices are not incompatible. *See also Sheridan–Kalorama Neighborhood Council v. District of Columbia Board of Adjustment*, 341 A.2d 312 (D.C.App.1975). Consequently, the trial court erred in determining that the Board of Adjustment was improperly constituted.

Those portions of the judgment which reverse the Board of County Commissioners grant of the application for rezoning and which hold that the Board of Adjustment was improperly constituted are reversed. In all other respects, the judgment is affirmed. The cause is remanded for such further proceedings as may be appropriate.

PIERCE and VAN CISE, JJ., concur.