**Luanne WELLS, Plaintiff–Appellant,**

**v.**

**LODGE PROPERTIES, INC.; The Town of Vail, Colorado; and its agents, in their official capacities, namely, The Town Council; Town Manager; Town Attorney; Planning and Environmental Commission; Design Review Board; Andy Knudtsen, in his official capacity as Senior Planner and Zoning Administrator; and Dan Spaneck, in his official capacity as The Building Administrator, Defendants–Appellees.**

**No. 97CA0636.**

Colorado Court of Appeals,
Div. IV.

July 23, 1998.

Rehearing Denied Aug. 20, 1998.

Certiorari Denied May 17, 1999.

Jacobs Chase Frick Kleinkopf & Kelley LLC, Ann B. Frick, Lia A. Woodall, Denver; Davis, Graham & Stubbs LLP, Andrew M. Low, Brett C. Painter, Denver, for Plaintiff–Appellant.

Bailey, Harring & Peterson, P.C., James S. Bailey, Jr., Randall M. Livingston, Denver, for Defendant–Appellee Lodge Properties, Inc.

R. Thomas Moorhead, Town Attorney, Vail, for Defendants–Appellees The Town of Vail, Colorado; The Town Council; Town Manager; Town Attorney; Planning and Environmental Commission; Design Review Board; Andy Knudtsen; and Dan Spaneck.

Opinion by Justice QUINN.*

In this action involving a town council's approval of a building addition, plaintiff, Luanne Wells, appeals the judgment entered in favor of defendants, Lodge Properties, Inc.; the Town of Vail, Colorado; and its agents in their official capacities, namely: the Town Council; Town Manager; Town Attorney; Planning and Environmental Commission; Design Review Board; Andy Knudtsen, in his official capacity as Senior Planning and Zoning Administrator; and Dan Spaneck, in his official capacity as the Building Administrator. We affirm.

Lodge Properties, Inc., (LPI) owns property in the Town of Vail on which it operates a resort hotel. Wells owns a condominium in close proximity to LPI's hotel. LPI sought approval from Vail for a major addition to the hotel called the International Wing.

Vail has a process which must be followed by all development projects involving "exterior alterations" in a commercial zone. The process involves filing an application for the exterior alteration, obtaining an approval from the Planning and Environmental Commission (PEC), obtaining an approval from the Design Review Board (DRB), obtaining a building permit, and commencing construction.

In 1983, LPI obtained PEC approval for the International Wing. At that time, PEC approvals were valid indefinitely. LPI did not seek approval from the DRB for several years after receiving PEC approval.

In December 1993, before LPI obtained a building permit and commenced construction, Vail enacted Ordinance 4, which contains a provision that causes PEC approvals of exterior alterations to lapse two years from the date of approval, unless the applicant obtains

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),      and § 24–51–1105, C.R.S.1997

a building permit and begins construction on the approved project. Ordinance 4 also contains a savings clause which preserves rights accrued, duties owed, and procedures commenced prior to the effective date of the ordinance.

Wells commenced this action seeking a declaratory judgment that the PEC approval for the International Wing had lapsed and was void pursuant to Ordinance 4. When the declaratory action was filed, LPI did not have a building permit but later obtained the permit and commenced construction in 1996. The trial court held that the savings clause in Ordinance 4 rendered the lapsing provision inapplicable to PEC approvals obtained before Ordinance 4 went into effect. Wells appeals that determination.

## I.

■ As a threshold issue, we address, and reject, LPI's assertion that Wells lacks standing to challenge the validity of the PEC's approval.

■ To determine whether a particular plaintiff has standing to bring suit, a court must ascertain: (1) whether the party seeking judicial relief has alleged an actual injury from the challenged action; and (2) whether the injury is to a legally protected or cognizable interest based on constitutional, statutory, or other recognized sources. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992). A plaintiff satisfies the injury in fact requirement by demonstrating that the challenged activity has caused or has threatened to cause injury to the plaintiff such that a court can say with fair assurance that there is an actual controversy proper for judicial resolution. *Dunlap v. Colorado Springs Cablevision, Inc., supra; O'Bryant v. Public Utilities Commission,* 778 P.2d 648 (Colo.1989).

■ A property owner has a legally protected interest in protecting its property from adverse effects caused by legally deficient rezoning of adjacent property, and has standing to challenge such rezoning. *Board of County Commissioners v. City of Thornton,* 629 P.2d 605 (Colo.1981); *Dillon Companies v. City of Boulder,* 183 Colo. 117, 515

P.2d 627 (1973). Hence, if an adjoining landowner's interest in its property is adversely affected by a rezoning decision, the landowner has a right to seek judicial relief. *Fedder v. McCurdy,* 768 P.2d 711 (Colo.App.1988).

■ In the rezoning cases, the protected interest at stake is a property owner's interest in avoiding an adjacent rezoning that would detrimentally affect the property owner's property. Although the instant case involves enforcement of a town building ordinance, rather than a rezoning, we read the cases recognizing a right to avoid detrimental rezoning on adjacent property as supportive of Wells' position by analogy.

Wells' property is adjacent to LPI's property which was granted approval to expand its use under a town ordinance. The expanded use, *i.e.,* the addition of the International Wing, could have a detrimental effect on Wells' use of her property by obstructing views and limiting access to open space. Therefore, Wells has a protected interest in ensuring that the expansion does not occur without compliance with the terms of any applicable ordinance. Wells' interest is sufficiently similar to a property owner's right to contest a detrimental rezoning on adjacent property as to confer standing on Wells to bring the instant action.

## II.

■ Although not asserted as a main contention in its brief, LPI contends that Wells' appeal is moot because she failed to seek a stay of the district court's judgment pending appeal, and because LPI has already performed substantial construction on the International Wing. We are not persuaded.

■ The central question in determining mootness is whether a change in the circumstances that prevailed at the beginning of litigation has forestalled the prospect for meaningful relief. *Zoning Board of Adjustment v. DeVilbiss,* 729 P.2d 353 (Colo.1986). Pertinent factors for resolving a mootness issue with respect to a claim for permanent injunctive relief against the construction of a facility that has already been completed include the following: 1) the relative fault or

blamelessness of the party defendant in completing the project against which a permanent injunction is sought; 2) whether the party plaintiff sought some form of temporary or preliminary injunctive relief in order to preserve the status quo during the pendency of the litigation; and 3) the varied interests likely to be affected and the potential hardships likely to be caused by entertaining a claim for a permanent injunction with respect to the construction of the facility already completed. *Zoning Board of Adjustment v. DeVilbiss, supra.* If a court, after weighing these factors in the context of the change in circumstances subsequent to the inception of litigation, can say with fair assurance that the granting of permanent injunctive relief sought by the plaintiff would be manifestly inappropriate and inequitable under the total circumstances of the case, it may properly dismiss the injunctive claim as moot. *Zoning Board of Adjustment v. DeVilbiss, supra.*

In *DeVilbiss,* a plaintiff landowner's action to enjoin construction of a coal-loading facility was moot when the defendant had completely constructed the facility in accordance with government permits, the plaintiff had failed to seek any form of temporary or preliminary injunctive relief to prevent the commencement of construction during the pendency of litigation, and the substantial interest of the defendant would have been substantially and detrimentally affected by an injunction requiring the removal or radical alteration of the completed project. Here, like the defendant in *DeVilbiss,* LPI obtained a building permit and began construction in accordance with legal processes and not in apparent violation of the rights of others. Unlike the plaintiff in *DeVilbiss,* however, Wells sought a temporary restraining order and a preliminary injunction at the district court level that were denied. In addition, LPI does not assert that construction on the International Wing is complete, nor did it obtain its building permit before Wells filed the action.

Under these circumstances, we cannot conclude with fair assurance that the granting of permanent injunctive relief sought by Wells would be so manifestly inappropriate and inequitable as to render this appeal moot. *See Zoning Board of Adjustment v. DeVilbiss, supra.*

## III.

■ Wells raises several challenges to the district court's determination that the savings clause in the ordinance rendered the lapsing provision inapplicable to PEC approvals granted before the effective date of the ordinance. We find Wells' arguments unpersuasive.

### A.

■ In construing an ordinance properly, a court should consider the enactment as a whole in order to give consistent, harmonious, and sensible effect to all its parts. *Zaner v. City of Brighton,* 899 P.2d 263 (Colo.App.1994). In addition, words and phrases must be given effect according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). When the language of an ordinance is clear and unambiguous, there is no need to resort to interpretive rules of construction. *General Electric Co. v. Niemet,* 866 P.2d 1361 (Colo.1994). Because the interpretation of an ordinance is a question of law, the trial court's determination is subject to *de novo* review. *See Robles v. People,* 811 P.2d 804 (Colo.1991).

Here, the lapsing provision of Ordinance 4 reads as follows:

> Approval of a major or minor exterior alteration as prescribed by this chapter shall lapse and become void two years following the date of approval of the major or minor exterior alterations by the PEC unless, prior to the expiration, a building permit is issued and construction is commenced and diligently pursued to completion.

Ordinance 4 also contains a general savings clause which provides in pertinent part:

> The repeal or the repeal and reenactment of any provision of the Municipal Code of the Town of Vail as provided in this ordinance shall not affect any right which has accrued, any duty imposed, any violation that occurred prior to the effective date

326

hereof, any prosecution commenced, nor any other action or proceedings as commenced under or by virtue of the provision repealed or repealed and reenacted.

Ordinance 4, when read as a whole, unambiguously establishes an exemption to the lapsing provision for approvals granted prior to the effective date thereof. In our view, the ordinance says what it means and means what it says.

### B.

Notwithstanding the plain terms of the ordinance, Wells argues that the lapsing provision should be analyzed independently from the savings clause in order to determine whether an ambiguity exists concerning the scope of the lapsing provision. To undertake such an analysis, however, would undermine the cardinal principle that a legislative enactment should be read and applied so as to give consistent, harmonious, and sensible effect to all its parts. *See Zaner v. City of Brighton, supra.* This principle is especially relevant here, where both provisions are part and parcel of the same enactment.

### C.

Wells also contends that the savings clause does not exempt a pre-ordinance PEC approval from the lapsing provision, but merely saves the approval from lapsing immediately upon the enactment of the ordinance. According to Wells, because more than two years had passed from the date of the PEC's approval of the International Wing to the effective date of the lapsing provision, the savings clause protected the approval from instant invalidation and triggered the running of the two-year lapsing period. We are not persuaded.

The language of the savings clause provides that the lapsing provision "*shall not affect* any right which has accrued" under the terms of the former Ordinance. (emphasis added) Under the previous ordinance, LPI had an accrued right to pursue a building permit and begin construction. This right was unrestricted by any time limit. Wells' interpretation of the savings clause would "affect" LPI's right to continue to pursue the necessary approvals by imposing a time limit on LPI's efforts, even though no time limit had existed prior to the reenactment of the Ordinance. We decline to accept Wells' proposed interpretation.

Because we conclude that Ordinance 4 is clear and unambiguous, we decline to address Wells' remaining arguments regarding possible applications of the Ordinance to hypothetical situations predicated on the assumption that the Ordinance is ambiguous.

The judgment is affirmed.

Judge RULAND and Judge ROY concur.