Mark CONDIOTTI, Plaintiff–Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LA PLATA and the La Plata County Planning Commission, Defendants–Appellees.

No. 98CA0740.

Colorado Court of Appeals, Div. V.

June 24, 1999.

K. Kane Graves, Bayfield, Colorado, for Plaintiff–Appellant.

Goldman, Robbins & Rogers, LLP, Jeffrey P. Robbins, Michael E. McLachlan, Durango, Colorado, for Defendants–Appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, Mark Condiotti, appeals the trial court's dismissal of his challenge for lack of standing to a land use resolution adopted by defendant, Board of County Commissioners of La Plata County (Board). Because we conclude that Condiotti has standing under C.R.C.P. 57, we reverse.

Condiotti owns property in La Plata County. The county regulates land use through the La Plata Land Use System (land use system), which employs a permit system rather than zoning districts.

Under the land use system, landowners are required to obtain permits before commencing any action such as excavation, construction, development, occupancy, alteration, change of use, or intensification of use. However, permits are not required for certain uses, including construction of single family residences, provided the applicable established minimum requirements are met and the development does not exceed the maximum unit per parcel and unit per acreage densities. This permit exception does not include subdivision development.

Acting pursuant to § 30–28–106, C.R.S. 1998, the La Plata County Planning Commission (Commission) adopted a land use plan and land use classification map (the plan) for the West Durango Planning District. La Plata County Planning Commission Resolution No.1997–4 (July 1, 1997). The Commission then certified the plan to the Board for adoption and incorporation into the land use system, and the Board adopted the plan by resolution. Board of County Commissioners of La Plata County Resolution No.1997–67 (December 15, 1997).

After the Commission adopted the land use plan and map, Condiotti filed an action seeking certiorari review pursuant to C.R.C.P. 106(a), or declaratory review pursuant to C.R.C.P. 57. He alleged that he owned property governed by the zoning resolution; that the resolution would impact his property rights in land, water rights, and rights of way; that it would pose danger to land and people from wildfire hazard, inadequate roads, and traffic; and that it would injure the floodplain, wetlands, and wildlife on land surrounding his property.

While that action was pending and following the Board's adoption by resolution of the land use plan and map, Condiotti filed a second action, again seeking certiorari review and declaratory review, contending that adoption of the plan into the land use system was, in essence, an unconstitutional zoning regulation.

The cases were consolidated and, thereafter, the trial court dismissed the action for

lack of standing. It concluded that because no action concerning any particular property had been brought before the Board, Condiotti had not yet suffered an injury in fact resulting from the plan sufficient to confer standing.

## I.

Condiotti first contends he has standing to contest the facial validity of the newly amended land use system under C.R.C.P. 106(a). We disagree.

■ Review under C.R.C.P. 106(a) is available where any governmental body or officer "exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion." C.R.C.P. 106(a)(4). C.R.C.P. 106(a) is not an appropriate vehicle to review legislative actions. See *Jafay v. Board of County Commissioners*, 848 P.2d 892 (Colo. 1993).

■ Quasi-judicial action generally involves determination of rights, duties, or obligations of specific individuals by applying existing legal standards to past or present facts to resolve the particular interests in question. Legislative action is usually reflective of public policy relating to matters of a general character, is usually prospective in nature, and is not normally restricted to identifiable persons or groups. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village*, 757 P.2d 622 (Colo.1988).

■ Here, after applying the description of legislative action set forth in *Cherry Hills Resort Development Co. v. City of Cherry Hills Village, supra,* the trial court concluded that "the challenged plan establishes a policy for an entire geographic area [and] does not apply to only one site and was not brought about by considering facts specific to [Condiotti]."

Because the master plan in issue established land use policies for La Plata County as a whole, was prospective in nature, was general in character, and had not been applied against Condiotti's property on a site specific basis, the court concluded, and we agree, that the Board's adoption of the plan was legislative in nature. Accordingly, review under C.R.C.P. 106(a) was proscribed.

## II.

However, we agree with Condiotti's contention that he has standing to contest the facial validity of the newly amended land use system under C.R.C.P. 57, regardless whether the resolution has specifically been applied to his property or neighboring properties through applications for land use permits.

### A.

■ C.R.C.P. 57(b) provides that:

Any person ... whose rights, status, or other legal relations are affected by a ... municipal ordinance ... may have determined any question of construction or validity arising under the ... ordinance ... and obtain a declaration of rights, status, or other legal relations thereunder.

■ A facial challenge to legislative action such as a zoning ordinance or resolution is permitted under C.R.C.P. 57(b). See *Tri–State Generation & Transmission Co. v. City of Thornton*, 647 P.2d 670 (Colo.1982)(facial constitutional challenge to an ordinance concerns a general rule or policy applicable to an open class of individuals; it is generally a legislative act subject to review under C.R.C.P. 57, rather than C.R.C.P. 106(a)(4)); *Russell v. City of Central*, 892 P.2d 432 (Colo.App.1995)(zoning ordinance amendment of general application is subject to review pursuant to C.R.C.P. 57; it is not reviewable pursuant to C.R.C.P. 106(a)(4)).

■ Generally, a master plan adopted by a county planning commission is merely advisory and is not a legislative action. See § 30–28–106(3)(f), C.R.S.1998; *Theobald v. Board of County Commissioners*, 644 P.2d 942 (Colo.1982). Nevertheless, a master plan is no longer advisory where there has been either: (1) formal inclusion of sufficiently specific master plan provisions in a duly-adopted land use regulation by a board of county commissioners, or (2) a statutory directive from the General Assembly that landowners must comply with master plan provisions in pursuing land use development

proposals. *Board of County Commissioners v. Conder,* 927 P.2d 1339 (Colo.1996).

In *Theobald v. Board of County Commissioners, supra,* relied upon by the trial court, the land use plan had only been adopted by the planning commission. It had not been adopted and implemented by a legislative body in a resolution as occurred here. Because the plan in issue here was adopted as a zoning resolution by the Board acting in a legislative capacity, we conclude that it was no longer advisory, that *Theobald* is distinguishable, and that *Board of County Commissioners v. Conder, supra,* is controlling. Thus, the resolution adopting the plan is reviewable pursuant to C.R.C.P. 57.

### B.

We further conclude Condiotti has sufficiently demonstrated that the challenged activity has caused, or has threatened to cause, injury to him such that a court can say with fair assurance there is an actual controversy proper for judicial resolution. *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992); *Wells v. Lodge Properties, Inc.,* 976 P.2d 321 (Colo.App.1998). Hence, he has satisfied the standing requirement necessary to bring an action for declaratory judgment. *See Board of County Commissioners v. Bowen/Edwards Associates, Inc.,* 830 P.2d 1045 (Colo.1992)(party seeking declaratory judgment must satisfy threshold requirement of standing); *Wimberly v. Ettenberg,* 194 Colo. 163, 570 P.2d 535 (1977)(determination of standing requires inquiry into whether plaintiff has suffered actual injury from the challenged governmental action, and whether the injury is to a legally protected or cognizable interest).

■ Property owners have a legally protected interest in protecting their property from adverse effects caused by legally deficient rezoning of adjacent property and have standing to challenge such rezoning. *See Board of County Commissioners v. City of Thornton,* 629 P.2d 605 (Colo.1981); *Dillon Companies, Inc. v. City of Boulder,* 183 Colo. 117, 515 P.2d 627 (1973); *Wells v. Lodge Properties, Inc.,* 976 P.2d 321 (Colo.App. 1998); *Fedder v. McCurdy,* 768 P.2d 711 (Colo.App.1988)(if adjoining landowner's interest in its property is adversely affected by rezoning decision, landowner has right to seek judicial relief); *City of Thornton v. Board of County Commissioners,* 42 Colo. App. 102, 595 P.2d 264 (1979).

■ In our view, the same reasoning should apply to the present situation in which an owner is attempting to protect his property from adverse effects caused by the adoption of an amendment to a land use system. *See Piscitelli v. Township Committee of Scotch Plains,* 103 N.J.Super. 589, 248 A.2d 274 (N.J.Super. Ct. Law Div.1968)(ownership of property in area affected by zoning is sufficient to create standing to contest validity of zoning ordinance); *Zeltig Land Development Corp. v. Bainbridge Township Board of Trustees,* 75 Ohio App.3d 302, 599 N.E.2d 383 (1991)(owner had standing to challenge constitutionality of zoning as applied to its own property because owner may be limited by the zoning or may be harmed by restrictions placed on the property).

### C.

■ Finally, and contrary to the trial court's determination, we conclude that Condiotti did not lack standing solely because he and his neighbors failed to apply for a permit application before bringing this action. *See Board of County Commissioners v. Bowen/Edwards Associates, Inc., supra* (plaintiff had standing to bring declaratory judgment action challenging validity of land-use regulations pertaining to oil and gas activities without filing permit application with county); *Baum v. City & County of Denver,* 147 Colo. 104, 363 P.2d 688 (1961)(property owner, without exhausting available administrative remedies, can challenge constitutionality of a zoning ordinance classifying owner's property); *Lot Thirty–Four Venture, L.L.C. v. Town of Telluride,* 976 P.2d 303 (Colo.App.1998)(plaintiff need not apply for use permit before challenging land use ordinance).

We therefore conclude the trial court erred by dismissing Condiotti's declaratory judgment action for lack of standing.

The judgment of dismissal is reversed and the cause is remanded for further proceedings.

Judge TAUBMAN and Judge ROY concur.