2012 COA 20

### WALTER G. BURKEY TRUST, Plaintiff–Appellant,

v.

### CITY and COUNTY OF DENVER, Colorado, Defendant–Appellee.

No. 11CA0095.

Colorado Court of Appeals, Div. I.

Feb. 2, 2012.

Arthur M. Schwartz, P.C., Arthur M. Schwartz, Michael W. Gross, Denver, Colorado, for Plaintiff–Appellant.

Douglas J. Friednash, City Attorney, Kerry Buckey, Assistant City Attorney, Katherine L. Wilmoth, Assistant City Attorney, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge FOX.

¶ 1 Plaintiff, Walter G. Burkey Trust (the Trust), appeals a district court judgment affirming the Denver Board of Adjustment for Zoning Appeals (the Board) decision upholding the citation issued to the Trust by the City and County of Denver (the City) for violation of a zoning ordinance regarding a vacant lot used for parking. We affirm.

### I. Background

¶ 2 The Trust owns a vacant lot located at 1476 King Street in Denver (the lot). The lot was located in a district zoned R–2 before being rezoned to MS–2 in 2007. In the mid–1980s, the Trust used the lot for surface parking for the adjacent businesses the Trust owned. Surface parking was not a legal use in the R–2 zoned district. The lot was never legally authorized for parking before the 2007 zoning amendment.

¶ 3 In 1987, the City issued the Trust two citations for using the lot for surface parking in violation of the zoning ordinance. The lot was still used for parking in 2008 following the 2007 amendment.

¶ 4 On November 18, 2008, the City issued an Order to Cease and Desist (the Order) parking use of the lot. The basis for the Order was that, under the new MS–2 zoning, surface parking lots were not permitted unless they were existing legal uses.[1]

¶ 5 The Trust appealed the 2008 Order to the Board. The Board found in favor of the City. The Trust then sought judicial review pursuant to C.R.C.P. 106(a)(4) in the district court, and the district court upheld the Board's findings. The Trust now appeals the district court's decision.

### II. Standard of Review

¶ 6 "C.R.C.P. 106(a)(4) provides for judicial review of a decision of any govern-

---

1. The Trust owns two other lots on King Street that were legally used as surface parking lots for customers of the Trust's on-site businesses. These existing legal uses were allowed to continue even after the zoning ordinance amendments.

mental body or officer or any lower judicial body exercising judicial or quasi-judicial functions for the purpose of determining whether the body or officer exceeded its jurisdiction or abused its discretion." *Canyon Area Residents for Env't v. Bd. of County Comm'rs,* 172 P.3d 905, 907 (Colo.App. 2006). A district court reviewing the decision of a zoning appeals board exercises no factfinding authority, and we engage in the same type of record review of the board's decision. *Id.; Woods v. City & County of Denver,* 122 P.3d 1050, 1053 (Colo.App.2005).

## III. Analysis

¶ 7 The Trust contends that, pursuant to the amended zoning ordinance, its lot use was converted to a legal nonconforming use because the lot and its use existed before the 2007 amendment. We disagree.

¶ 8 If an ordinance is susceptible of more than one reasonable interpretation, it is ambiguous and rules of construction may be used to interpret the ordinance. *Dep't of Transp. v. Gypsum Ranch Co.,* 244 P.3d 127, 131 (Colo.2010). The same rules of construction apply in interpreting ordinances as in construing statutes. *Jackson & Co. (USA), Inc. v. Town of Avon,* 166 P.3d 297, 299 (Colo.App.2007). We look at the plain language of the ordinance in order to give effect to the drafters' intent. *JJR 1, LLC v. Mt. Crested Butte,* 160 P.3d 365, 370 (Colo.App. 2007).

¶ 9 The amended zoning ordinance in question states:

> Existing surface parking lots shall be *legal* nonconforming uses so long as they existed by September 1, 2005, comply with chart 1, section 59–588 and plant and maintain street trees according to the city forester's rules and regulations for such trees by June 30, 2009, or within nine (9) months of the property being re-zoned.... Surface parking is not a use by right.

Denver Rev. Mun. Code 59–277(3) (emphasis added). A legal nonconforming use is, in pertinent part, "any use which ... after November 8, 1956 was *lawfully* operated in accordance with the provisions of this chapter." *Id.* at 59–631(a)(1) (emphasis added).

¶ 10 The City proposes reading these two sections of the ordinance together so that the Trust's prior illegal use of the lot for parking does not become a legal use as a result of the 2007 amendment. The Trust proposes reading the amended ordinance section to allow the prior use to become a legal nonconforming use.

¶ 11 We agree with the district court that the language of the 2007 amendment is ambiguous and that both the City's and the Trust's interpretations are reasonable. *Sierra Club v. Billingsley,* 166 P.3d 309, 312 (Colo.App.2007). When the language of an ordinance is ambiguous, we must defer to the Board's interpretation as long as there is a reasonable basis for its interpretation. *Id.*

¶ 12 When a term is defined in an ordinance, that definition governs, and it controls wherever the ordinance uses that term. *See Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 597–98 (Colo.2005) (applying this rule of interpretation in a statutory context); *see also Abbott v. Bd. of County Comm'rs,* 895 P.2d 1165, 1167 (Colo.App. 1995) ("When interpreting an ordinance, a court may review its other provisions in order to construe the disputed section in context."). Moreover, provisions that permit nonconforming uses to continue are construed strictly. *Trailer Haven MHP, LLC v. City of Aurora,* 81 P.3d 1132, 1139 (Colo. App.2003).

¶ 13 The record before the Board shows that the lot was never *legally* used as a parking lot before the 2007 amendment to the zoning ordinance. The Board considered this evidence, along with the definition of nonconforming use, and concluded that section 59–277(3) did not apply to the lot because the prior illegal use of the lot did not meet the definition of nonconforming use. The Board's interpretation that the 2007 ordinance grandfathered prior legal uses, but not existing illegal uses, has a reasonable basis. *See Trailer Haven MHP,* 81 P.3d at 1138 (concluding that "[a] nonconforming use is one which *lawfully* existed before the enactment of zoning ordinances and is maintained after the effective date of the ordi-

nances, although it presently does not comply with the zoning restrictions applicable to the district in which it is situated.") (emphasis added). Because the Board's interpretation of the ordinance is reasonable in light of the definition of nonconforming use and the evidence that the lot was not legally used before the amendment, we defer to the Board's and the district court's interpretation.

¶ 14 Because the Board did not abuse its discretion or misapply a legal standard in determining whether the use of the lot qualified as a nonconforming use, the district court's well-reasoned judgment correctly affirmed the Board's decision.

¶ 15 Thus, the judgment is affirmed.

Judge TAUBMAN and Judge DAILEY concur.