BROWN ET AL. v. CHALLIS.

1. PARTITION—MINING CLAIMS.

Under the act of 1891, the district court had power in an action for partition to order the sale of mining property held by tenants in common where partition could not be had without great prejudice to the owners.

2. SAME—CONSTITUTIONAL LAW—RETROSPECTIVE LEGISLATION.

The enactment of laws retrospective in their operation is forbidden by the constitution. The right of a tenant in common of mining property to have partition or sale thereof under the act of 1891 could not be extinguished by an amendatory act passed pending partition proceedings.

*Error to the District Court of Gunnison County.*

THIS action was commenced by George T. Challis, defendant in error, against plaintiffs in error, for the partition of the Iron Duke lode mining claim, situate in Elk mining district, Gunnison county, Colorado. At the time the action was instituted, the following statute was in force:

"When any lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common or coparcenary, whether such right or title be derived by purchase, devise or descent, or whether any, all or a part of such claimants be of full age or minors, it shall be lawful for one or more of the persons interested, by themselves, if of full age, or by their guardians, if minors, to present to the district court of the county where such lands or tenements lie; or where the lands and tenements lie in different counties, in the district court of the county in which the major part of such lands lie; but if the major part of such lands do not lie in any one county, then to the district court of any county in which any of such lands lie, their petition praying for a division and partition of such premises, according to the respective rights of the parties interested therein, and for a sale thereof, if it shall appear that partition can not be made without great prejudice to the owners." Mills' Ann. Stats., sec. 3346.

VOL. XXIII—10

While the action was pending, and before judgment, viz., April 8, 1893, the foregoing section was amended by adding the following:

" Provided, That the provisions of this act shall not apply to lode mines or lode mining claims, or to mining property where the commissioners appointed by the court report that the same cannot be partitioned consistently with the interests of the estate or without great prejudice to the owners." Session Laws, 1893, page 358.

It is admitted that the parties to the suit, plaintiff and defendants, were tenants in common in the Iron Duke lode mining claim. It is further admitted that the premises cannot be partitioned without great prejudice to the owners. The court thereupon ordered a sale of the property, and a division of the proceeds between the owners.

The following provisions of the constitution and statutes are referred to in the opinion:

" That no *ex post facto* law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly." Sec. 11, Bill of Rights.

" SECTION 1. That chapter CI of the general statutes of the state of Colorado, entitled ' Statutes,' be amended by adding thereto the following section, which shall stand as section 6: SEC. 6. The repeal, revision, amendment or consolidation of any statute or part of a statute or section or part of a section of any statute, shall not have the effect to release, extinguish, alter, modify or change in whole or in part any penalty, forfeiture or liability, either civil or criminal, which shall have been incurred under such statutes, unless the repealing, revising, amending or consolidating act shall so expressly provide; and such statute or part of a statute or section or part of a section of a statute so repealed, amended or revised, shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings and prosecutions, as well criminal

as civil, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability." Session Laws, 1891, page 366.

Mr. THOMAS C. BROWN, for plaintiffs in error.

Mr. S. D. CRUMP, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The right of the district court to order a sale of mining property under the statute, where it cannot be partitioned without great prejudice to the owners, in a cause commenced before the adoption of the amendment of 1893, is the single question presented by this record. It is admitted that if the proviso of April 8, 1893, which in terms prohibits the sale of mining property in a partition proceeding, applies to this case, then the judgment of the district court is erroneous, and must be reversed.

Appellants claim that the act in question affects merely the remedy, and is, therefore, not obnoxious to the constitutional provision. The action having been commenced prior to the passage of the act, the district court held that the amendment did not govern, but that the cause of action was protected by the provision of the bill of rights inhibiting retrospective legislation.

Retrospective legislation has always been condemned by the courts as unfair and prejudicial, so that, in the absence of any constitutional restriction, the courts have universally construed all legislation as prospective only in its operation, unless by the plain and positive language of the act an intent was manifest to make its provisions retrospective. As this ruling of the courts was founded upon the plainest principles of natural justice, it has been extended and given a place in the constitutions of several of the states, including Colorado.

These constitutional provisions, although couched in some-what different phraseology, aim at the same evils, and are substantially alike. They have been before the courts for consideration in numerous instances, and, as a result of the decisions, the rule has become fixed, which, on the one hand, denies the right of the legislature to create a new ground for the support of an existing cause of action or to take away any legal defense to such action, while, on the other, any ground upon which an action is founded cannot be annulled or any new bar thereto created. *Denver, etc., Ry. Co. v. Woodward*, 4 Colo. 162; *French v. Deane*, 19 Colo. 504; *Rich v. Flanders*, 39 N. H. 347; *Kent v. Gray*, 53 N. H. 576; *De Cordova v. City of Galveston*, 4 Texas, 469.

Mining property, from its very nature, is not, as a rule, sus-ceptible of partition. The ores are unevenly distributed, while the values are purely conjectural until tested by ex-tended development and careful tests, which can only be obtained as the result of a vast expenditure of money and time; so that it is known in advance of bringing suit for partition that the only feasible relief that can be awarded is a decree for the sale of the property. Take away this relief, and no cause of action can be maintained.

This is not a case where a substantial remedy has been left under the statute, but where the nature and extent of such remedy has been abridged; for, if we give the statute the construction contended for by appellants, no relief what-soever can be had; but the action must be dismissed, although a perfect right of action existed at the time the proceeding was instituted. Of such a statute, in *Kent v. Gray*, 53 N. H. 579, it is said:

"A statute abolishing the action of assumpsit, and substi-tuting for it the action of debt, might be applied, without injustice, to existing causes of action not in suit; but it could not be constitutionally applied to oppress a plaintiff in a pending suit in assumpsit. Having incurred expense in bringing a proper suit, and pursuing a remedy provided by law, it would be unjust to turn him out of court, render a

judgment against him for the defendant's costs, and leave him to another remedy, in the pursuit of which he might again be defeated in the same manner by another statute. In one sense, such legislation would affect the remedy only; but, in the constitutional sense, it would be retrospective, injurious, oppressive, and unjust, and, therefore, unconstitutional; and it is not apparent how the constitutional sense in such a case would be elucidated by a distinction between a right and a remedy. The injustice would be manifest; and the test given by the bill of rights is, not the distinction between right and remedy, but the distinction between right and wrong. On other subjects, the ground of judicial decision is not ordinarily understood to be so broad as the general principles of justice; but, on this subject of retrospective legislation, those principles are the constitutional ground amply supported by the authorities."

It is idle to attempt to draw a distinction in law between a right which does not exist, and one that cannot be enforced. Right and remedy are reciprocal. Take away a plaintiff's remedy, and you destroy the value of his right. A constitutional inhibition goes to the substance of the evil, not the shadow. This was evidently the view taken by the district court, and its judgment must be upheld upon constitutional grounds, without reference to the saving act of 1893. This statute appears to have been largely copied from the Revised Statutes of the United States. Originally, it applied to criminal cases only; but, as adopted by our legislature, it embraces civil as well as criminal matters. See *United States v. Reisinger*, 128 U. S. 398.

As the judgment of the district court must be upheld upon constitutional grounds, the effect of this act will not be determined.

*Affirmed.*