Larry ABBOTT, Susan Halkin, Paul Halkin, Conrad Hopp, Marvin Hopper, Sharon Hopper, Robert Konkle, Vivien Konkle, Stanley Olson, and Al Roberts, Plaintiffs–Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF WELD COUNTY, COLORADO, and The Villa at Greeley, Inc., Defendants–Appellees.

No. 94CA1273.

Colorado Court of Appeals, Div. I.

April 20, 1995.

Hopp & Associates, P.C., Justin Dituri, Longmont, for plaintiffs-appellants.

Bruce T. Barker, County Atty., Lee D. Morrison, Asst. County Atty., Greeley, for defendant-appellee Bd. of County Com'rs. of Weld County, Colo.

Houtchens, Daniel & Greenfield, Kim R. Houtchens, Greeley, for defendant-appellee The Villa at Greeley, Inc.

Opinion by Judge MARQUEZ.

Plaintiffs, a group of property owners, appeal a district court order which dismissed their complaint seeking relief from an approval by one of the defendants, the Weld County Board of County Commissioners (Board), of the planned unit development plan application for construction of a prerelease center in the Fort Junction Planned Unit Development (Fort Junction PUD) by the other defendant, The Villa at Greeley, Inc. (The Villa). We affirm.

The Board, on March 8, 1989, approved the rezoning of this parcel of land from an agricultural zone designation to a combination of commercial and industrial zone designations. The Villa submitted a Planned Unit Development Plan Application, which proposed placing a "prerelease center," also known as a "pre-parole facility," in the Fort Junction PUD. The Villa planned to operate the pre-parole facility under a contract with the Department of Corrections. *See* § 17–2–401, C.R.S. (1994 Cum.Supp.).

On December 8, 1993, after conducting a public hearing, the Board adopted a resolution approving The Villa's application for a site specific development plan and planned unit development plan (PUD Plan).

Plaintiffs subsequently filed a complaint in district court pursuant to C.R.C.P. 106(a)(4), requesting judicial review of the Board's action. The complaint asked the court to declare the Board's action null and void, to enjoin the Board from allowing The Villa or any other person to begin construction, and to require any owner of the property to seek proper approval for any proposed use not allowed under the current zoning.

The district court dismissed plaintiffs' complaint, concluding that the Board did not exceed its jurisdiction, that The Villa's proposed use conformed to the PUD zone district in which it is to be located, and that the Board did not abuse its discretion in concluding that the facility in question was representative of the use "hospitals, nursing homes, and mental or physical rehabilitation centers."

Plaintiffs contend that the district court erred in determining that the Board did not exceed its jurisdiction in approving a pre-parole facility as a use in the Fort Junction PUD through the PUD plan approval process. We disagree.

The standard of review in a C.R.C.P. 106(a)(4) proceeding is limited to a determination of whether the administrative agency or officer exceeded its jurisdiction or abused it discretion. *Ross v. Denver Department of Health & Hospitals*, 883 P.2d 516

(Colo.App.1994). When reviewing the Board's resolution, the district court was required to uphold the Board's decision unless there was no competent evidence to support the decision. *Ross v. Fire & Police Pension Ass'n,* 713 P.2d 1304 (Colo.1986).

According to the enabling statute, § 17–2–401, a pre-parole facility is one which:

(b) ... provides secure residential beds to any inmate who is within ninety days of the date upon which it has been determined that he will be paroled or released, or to any inmate as an alternative to regression from a community corrections facility, or to any parolee requiring limited detention pursuant to section 17–2–103(4)(a), or as a condition of modified parole as determined by the state board of parole ... [and]

(c) ... provides in-residence programs and services to instruct such inmates in obtaining and holding regular employment, in the process of enrolling in and maintaining academic courses and vocational training programs, in utilizing the resources of the community after release in meeting their personal and family needs and responsibilities, in providing appropriate in-residence treatment, and in participating in whatever in-residence specialized programs are available within the community in which such facility ... is located.

Weld County Zoning Ordinance (Zoning Ordinance) § 28 sets forth the procedures and requirements of the PUD district. Zoning Ordinance § 28.9 provides in part:

The uses shall be identical to those located and described on the Planned Unit Development District Plan.

Zoning Ordinance § 28.14 defines the procedures for the Board's consideration of the PUD plan and § 28.14.1.6, which includes provisions for holding a public hearing to consider the application, provides in pertinent part:

The Board of County Commissioners shall approve the request for the Planned Unit Development Plan unless it finds that the applicant has not met one or more of the applicable requirements or conditions of Section[ ] 28.9....

Zoning Ordinance § 33.1 provides as follows:

Intent. The C–1, C–2, C–3, and C–4 Commercial Districts are intended to provide safe, efficient areas in which to offer goods and services at wholesale or retail.

Within the provisions governing a C–2 (general commercial) district are "Uses Allowed by Right" under Zoning Ordinance § 33.3.2.11, which include:

HOSPITALS, nursing homes, and mental or physical rehabilitation centers.

As to interpretation, Zoning Ordinance § 5.9 provides:

Words and phrases used in this Ordinance which are not specifically defined in Section 10, shall be assigned their ordinary, contemporary meanings.

And, Zoning Ordinance § 5.10 states:

All Uses Allowed by Right, Temporary Uses, and Uses by Special Review listed in this Ordinance are representative and are not all inclusive.

■ When interpreting an ordinance, a court may review its other provisions in order to construe the disputed section in context. *Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975).

■ Furthermore, the construction of an ordinance by administrative officials charged with its enforcement should be given deference by the courts. *See Bluewater Insurance Ltd. v. Balzano,* 823 P.2d 1365 (Colo. 1992); *Humana, Inc. v. Board of Adjustment, supra* (testimony of zoning administrator who dealt with zoning ordinance on a day-to-day basis was considered significant in construing language in ordinance). And, if there is a reasonable basis for the administrative agency's application of the law, the decision may not be set aside on review. *Platte River Environmental Conservation Organization, Inc. v. National Hog Farms, Inc.,* 804 P.2d 290 (Colo.App.1990).

■ Here, the Board found that The Villa's application satisfied the requirements imposed by the Zoning Ordinance. The district court, in upholding the Board's decision, spe-

cifically determined that the Villa's proposed use conforms to the PUD zone district.

In support of their contention, plaintiffs rely on the language of Zoning Ordinance § 28.9, which states: "The uses shall be identical to those located and described on the Planned Development District plat." The uses allowed within the PUD District were those falling within the C–1 through C–4 and I–1 districts.

The question then is whether the Villa's proposed use falls within those uses allowed and, more specifically, as defendants contend, whether the proposed use falls within "mental or physical rehabilitation centers." Plaintiffs assert that the proposed facility is a prison and not a use identical to any use allowed in the PUD district.

Because we must determine if there is a reasonable basis for the agency's application of the law, we cannot disregard other provisions of the ordinance. *See Humana, Inc. v. Board of Adjustment, supra.* Pursuant to Zoning Ordinance §§ 33.3.2.11 and 33.4.2.2, the uses allowed by right in the C–2 and C–3 districts include "hospitals, nursing homes, and mental or physical rehabilitation centers." The Zoning Ordinance does not define "rehabilitation center." However, under Zoning Ordinance § 5.10, the uses listed are representative and not all inclusive.

At the hearing before the Board, considerable testimony and evidence was presented to establish the proposed pre-parole facility as a rehabilitation facility of the type represented by the listed uses. The chief operating officer for The Villa testified, describing the program for offenders at the facility, which required the offenders to be in class six hours per day for five days per week. A letter was also presented with an attachment describing the program's components, including schooling and rehabilitation for chemical dependency, employment, basic literacy education, relapse prevention, cognitive restructuring, acceptance of responsibility by the detainees for their own actions, plus education of the detainees as to interpersonal skills, family relationships, and health and wellness.

Others who testified before the Board included the architect who designed the facilities, who described how the building was designed around the rehabilitation program elements; The Villa's corrections director, who testified as to the rehabilitative aspects of the facility; and a practicing psychiatrist, who testified that, upon reviewing the proposed program curriculum to be used in the intensive rehabilitation at the facility: "As a medical doctor in the human services field, I can testify that this proposed facility will be a rehabilitation center." The psychiatrist further stated: "[The] facility's main mission will be the rehabilitation of offenders just before they reenter our society."

The district court ruled that the Board did not exceed its jurisdiction or abuse its discretion when it concluded that the facility in question was representative of the class "hospitals, nursing homes, and mental or physical rehabilitation center."

Upon reviewing the record, we conclude that there is competent evidence to support that conclusion.

As the district court stated:

Under the evidence presented, the Board could conclude that the proposed facility has more of the attributes of a mental rehabilitation center than a prison; that the restraint of the occupants is incidental to the main purpose and objective of their stay at the facility.

Plaintiffs also assert that the district court erred in determining that the procedure followed by the Board was substantially similar to the procedure required on an amendment of a PUD or a zone. Because we conclude that the Board acted within its lawful authority, we need not address this assertion made by plaintiffs.

The judgment of the district court is affirmed.

METZGER and CASEBOLT, JJ., concur.