In the Matter of the **ESTATE OF Anne MORING, Protected Person, Appellee,**

v.

**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Appellant.**

No. 00CA0463.

Colorado Court of Appeals, Div. III.

April 12, 2001.

Pearson, Milligan & Horowitz, P.C., Bernard A. Poskus, Denver, CO, for Appellee.

Ken Salazar, Attorney General, Ann Hause, Assistant Attorney General, Denver, CO, for Appellant.

Opinion by Judge MARQUEZ.

In this dispute regarding entitlement to attorney and trustee fees under state Medicaid regulations, the Colorado Department of Health Care Policy and Financing (Department) appeals a judgment in favor of the Estate of Anne Moring finding that the payment of such fees was permitted in the closure of an income trust. We affirm.

The Anne Moring Trust (trust) was established by order of the district court in 1993, and a trustee was appointed. Ms. Moring was the primary beneficiary, and the Department was the remainder beneficiary.

Ms. Moring died in 1996. In 1998, the trustee issued a check to her attorney for $1400.21, the amount remaining in the trust. The attorney notified the Department of the death and the amount of the trust. The attorney asked that the state accept the $1400.21 and release the trustee from further liability. Instead, the Department requested a final accounting from the trustee.

Initially, the trustee refused because she anticipated that the state would not compensate her for her time and expenses in rendering an accounting. In 1999, however, the trustee provided the Department with the requested accounting. In accompanying correspondence, the trustee stated that, for the accounting, her attorney's fee was $978.00 and her trustee fee was $297.50, and the trust would be reduced by those amounts, for a remaining balance of $124.71. The Department subsequently offered to pay the trustee $100.00 for the final accounting, but refused to pay the other fees. The trustee declined the offer.

Relying on a 1996 state Medicaid regulation that prohibited payment of attorney fees and restricted some trustee fees, the Department petitioned the district court for judgment in the amount of $1400.21. The trustee filed an objection, arguing that the remaining balance was $124.71, after taking into account the above-mentioned fees.

Following a hearing, the district court held that the 1996 regulation was passed after the trust was created, that neither Congress nor any government agency has the power to impair trusts in this manner, and that the regulation that was in effect at the time the trust was created did not prohibit reasonable expenses for the accounting of the trust. It then denied the Department's petition, allowed the trustee to retain the amounts claimed, and awarded the trustee the remaining $124.71 as attorney fees incurred in responding to the petition.

I.

The Department contends that in the termination of the income trust, the trial court erred in allowing the payment of any attorney fees and the payment of trustee fees in excess of the amount allowed by the trust documents, in violation of state Medicaid regulations. It also contends that the district court erred in finding that the 1996 state Medicaid regulations do not apply to the 1993 income trust. We reject these contentions.

The income trust at issue here was created under §§ 15–14–409.5 and 26–4–506.5, C.R.S. 2000. The trust's sole purpose was to enable Ms. Moring to receive Medicaid assistance, since her income level was too high to qualify

for Medicaid, but less than that necessary to pay for the cost of nursing home care.

Under § 26–4–506.5, the Department was required to promulgate rules for implementing such Medicaid trusts. The statutes, which have remained unchanged since the creation of the trust, offer no guidance as to payment of attorney fees or proper trustee compensation.

In 1992, before the trust was created, the Department promulgated a regulation that provided:

> From the monies which accumulate in the trust, the sum of $10/month may be used by the trustee for expenses which are reasonably necessary for maintaining the existence of the trust, e.g., bank charges, preparation of an annual income tax return, and compensation of the trustee if no family member or other person is available to serve without pay. The county department or *the court which approved the trust may authorize more than $10/month for maintaining the existence of the trust* as long as expenses are for necessary services which are reasonable in amount, considering the time and expertise required.

Department of Health Care Policy & Financing Regulation 8.110.52(B)(2)(b)(6), 10 Code Colo. Reg. 2502–10 (1992)(emphasis added).

Under the terms of that 1992 regulation and the 1993 trust and order creating the trust, the fees at issue here were permitted. Article IV, § 4.01(b) of the trust allows for "any other deduction provided for in the rules of the State Department of Social Services, including court approved amounts for trustee compensation and reasonable attorneys' fees." Section 4.04 states, "This trust shall not be modified or terminated by the Trustee or any beneficiary." Article VII, § 7.06 states, "Trustee shall be entitled to reasonable compensation commensurate with the services actually performed and to reimbursement for expenses properly incurred, provided that such amount is authorized by the Jefferson County Department of Social Services or the court which approved the trust."

The order establishing the trust provided both for reasonable attorney fees and trustee

compensation. The order states, in pertinent part:

> 11. It is appropriate that reasonable Attorney's fees and costs be paid out of the trust.
>
> 12. Trustee compensation in the amount of $100.00 per month is reasonable compensation in this matter.
>
> 13. Trustee shall *also* pay herself at the rate of $70.00 per hour for her reasonable duties as guardian and conservator for the Incapacitated and Protected Person. (emphasis added)

However, in 1996, four years after the trust's creation, the regulation, 8.110.52(B)(2)(b)(6), was revised, providing that:

> No other deductions or expenses may be paid from the trust. Expenses which cannot be paid from the trust include, but are not limited to, trustee fees, attorney fees and costs (including attorney fees and costs incurred in establishing the trust), accountant fees, court fees and costs, fees for guardians ad litem, funeral expenses, past-due medical bills and other debts. Trustee fees which were ordered prior to the effective date of this regulation may continue until the trust terminates.

The 1996 regulation, 8.110.52(B)(2)(b)(11), goes on to state that, "The regulations in this section for income trusts . . . shall also apply to income trusts established after January 1, 1992, under the undue hardship provision in Section 26–4–506.5(3) and Section 15–14–409.5, C.R.S."

Here, the Department does not dispute the reasonableness of the attorney fees or the trustee fees in this case. Nor does the Department object to trustee and attorney fees paid prior to the request for an accounting.

However, the Department contends that the trust ceased and terminated upon the death of Ms. Moring and that, after the trust's termination, attorney fees, even for closure of the trust, were unnecessary and not permitted under the trust or state law. In support, the Department refers to Article VI, § 1(b) of the trust, which states that, "No distribution shall be allowed for expenses not approved under the Colorado Medicaid pro-

gram." It also asserts that, under the regulations, only expenses necessary for "maintaining" the trust are permitted. We are not persuaded.

### A. Trustee Fees

The standard of review for statutory or regulatory construction is *de novo*. Our primary task is to give effect to the intent of the enacting body. To discern that intent, we first look at the plain language of the statute or regulation and interpret its terms in accordance with their commonly accepted meanings. A strained or forced construction of a statutory term is to be avoided. We also look at the context in which a statutory term is employed and attempt a construction that serves the purpose of the legislative scheme. *See Unigard Security Insurance Co. v. Mission Insurance Co. Trust*, 12 P.3d 296 (Colo.App.2000).

A plain reading of the pre–1996 regulations reveals that a court may determine the amount of trustee fees. The court order establishing the trust allowed the trustee to pay herself an hourly rate, in addition to $100 per month as reasonable compensation, for reasonable duties as guardian and conservator. In our view, a final accounting is such a reasonable duty. Further, the 1996 regulation provides that, "Trustee fees which were ordered prior to the effective date of this regulation may continue until the trust terminates."

Therefore, the trustee's fee of $297.50 for performing the final accounting is permissible.

### B. Attorney Fees

Reasonable attorney fees were expressly allowed under the trust and order. However, the 1996 regulation disallows payment of attorney fees. Assuming the intent of the 1996 regulation is to preclude payment of all attorney fees, the question is whether such action is legal or constitutional with respect to this trust.

The promulgation of rules is a legislative function that the General Assembly has delegated to the Department. The Department's rulemaking is thus subject to the prohibition against retrospective legislation found in Colo. Const. art. II, § 11. *See Colorado Office of Consumer Counsel v. Public Service Co.*, 877 P.2d 867 (Colo.1994).

An act violates this constitutional prohibition against retrospective legislation if, with respect to transactions or considerations already past, it: (1) takes away or impairs vested rights acquired under existing laws, (2) creates a new obligation, (3) imposes a new duty, or (4) attaches a new disability. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners*, 948 P.2d 1002 (Colo.1997). Like statutes, agency regulations may be deemed retrospective. *See, e.g., Colorado Office of Consumer Counsel v. Public Service Co., supra.*

There are two steps in deciding whether a regulation is retrospective. The first is to determine whether the enacting body intended a retroactive effect; the second is to decide whether the regulation violates the constitutional prohibition. Legislation is applied "retroactively when it operates on transactions that have already occurred or rights and obligations that existed before its effective date." Unconstitutional retroactive application of a statute is termed retrospective. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners, supra.*

However, application of a statute to an existing claim for relief does not violate the prohibition against retrospective legislation when the statute effects a change that is not substantive, but only procedural or remedial in nature. Substantive statutes create, eliminate, or modify vested rights or liabilities, while procedural statutes relate only to remedies or modes of procedure to enforce such rights or liabilities. A right is vested only when it is not dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence. *Shell Western E & P, Inc. v. Dolores County Board of Commissioners, supra; People v. D.K.B.*, 843 P.2d 1326 (Colo.1993).

Here, the 1996 regulation states that it applies to income trusts established after January 1, 1992, and thus is retroactive be-

cause it affects trustees' rights and obligations that existed before its promulgation.

Further, the 1996 regulation is retrospective. The regulation is neither remedial nor procedural in nature since it purports to eliminate attorney fees and certain trustee fees entirely. Although the trustee's final accounting fees here were incurred after passage of the 1996 regulation, her right to compensation and payment of attorney fees vested at the time the trust was created. The right does not depend on the common law or statute, but rather on the court order expressly providing that reasonable attorney fees and costs be paid out of the trust. Thus, by disallowing trustee and attorney fees, the 1996 regulation impairs the trustee's right and attaches a new disability with respect to the 1993 trust and court order.

Therefore, we conclude that the 1996 regulation cannot be applied to modify the trust, because such an interpretation would render the regulation a "retrospective" law. *See Shell Western E & P, Inc. v. Dolores County Board of Commissioners, supra; Kuhn v. State,* 924 P.2d 1053 (Colo.1996)(a statute limiting attorney fees in certain class actions was inapplicable, since the statute became law after the right to attorney fees had already vested in that case). Accordingly, the district court did not err in awarding attorney fees here.

## II.

■ We also reject the Department's contention that the trial court erred in allowing the payment of trustee fees in excess of the amount allowed by the trust, for the termination of the income trust, in violation of the 1996 regulation.

■ Maintaining a trust logically includes winding it up and providing a final accounting. Indeed, it is the duty of the trustee to make a final accounting. Restatement (Second) of Trusts § 345 comment a (1959). The period for winding up is the period after the time for termination of the trust has arrived and before the trust is terminated by the distribution of trust property. A trustee continues to be trustee until the trust is finally wound up. Restatement (Second) of Trusts § 344 comment a (1959). A final accounting is necessarily often part of the winding up process.

■ Moreover, the Restatement provides that a trustee is entitled to compensation for his or her services as trustee, unless otherwise provided by the terms of the trust, and is also entitled to reimbursement for expenses incurred. Restatement (Second) of Trusts §§ 242 & 244 (1959). It is a general principle that a trust estate must bear the expenses of its administration. *Kuhn v. State, supra.*

Finally, this matter rests on whether the district court was correct in ruling that the 1996 regulation was not controlling. In light of our disposition above, and our conclusion that the 1996 regulation is retrospective and inapplicable, we conclude that the court properly resolved this issue in awarding the trustee fees.

Accordingly, the judgment of the district court is affirmed.

HUME, C.J., and NEY, J., concur.