Liz **ABROMEIT**, Angela Ackland, Jody Amsberry, Denise Archer, Rachel Archer, Jack Armijo, Karla Baken, Norman R. Bangeman, Brenda Banks, Gloria Barajas, Adele Barney, Albinita Barreras, Kay Bateman, Mary Blaylock, Lucia Blea (Bachicha), William Bogy, Barbara Bole, Luann Booth, Kim Buchholz, Lena Bujanda, Maria Bullock, Linda Burgdorf, Lenny Bustos, Freddie Carter, Sylvia Castillo, Phillip Cedillo, Brenda Cessar, Michelle Chorens, Lori Coleman, Diann Curl, Inez Delvillar, Joan Docherty, David Doucet, Judy Durkee, Julie Erickson, Annamarie Escalera, Teresa Espinoza, Robbie Evans–Price, Bonnie Freeman, Charlotte Garcia, Scott Gates, Mary Gonzales, Debra Gonzales, Lisa Gonzales, Julia Graves, Edith Gray, Mary Guerra, Sabrina Gurule, Mary Gutierrez, Nancy Gutierrez, Becky Heins, Patricia Hernandez, Janette Herrera, Alan Herrera, Thomas Hill, Barbara Hughes, Felisha Hurtado, Deborah Jackson, Theresa Jackson, Patty Jamison, Sharon Koops, Kathy Lapp, Laura Larkins, Cindy Linville, Marilyn Lujan, Jeanette Madrid, Dani Madril, Diane Maes, Alice J. Major, Shawn Manzanares, Deborah J. Marquez, Gloria Marquez, Janine Martinez, Christianna Martinez, Suzanne McKinzie, Mary L. Meaux, Sandra Miller, Richard Miltenberger, Lawrence (Dan) Mitchell, Janine Mondragon, Alva Montoya, Irene Muniz, Florence Murtha, Dawn Neelands, Catherine Notyce, Shawn Nunez, Ramona

Odom, Shirley Campbell Oliver, Victoria J. Ortega, Nancy Ortega, Sharon Pearson, Kristine Quintana, Karen Quintana, Marsha Reed, Anita Romero, Rebecca Rosales, Judy Rosso, Terri Ryszkowski, Monie Salgado, Frances Sarno, Phil Shaw, Levinia Shotts, Theresa Sones, Alvin Tafoya, Monica Trujillo, Diane Tuffield, Margaret G. Valdez, Pamela Vigil, Yvonne Vigil, Renee Vigil–Stokes, Bridget Washington, Shirley Woodrum, Kathi Wright, Valerie Zamora, and William Zimmerman, Plaintiffs–Appellants,

v.

DENVER CAREER SERVICE BOARD and City and County of Denver, a Colorado municipality, Defendants–Appellees.

No. 04CA0653.

Colorado Court of Appeals,
Div. I.

Aug. 11, 2005.

As Modified on Denial of Rehearing
March 9, 2006.

Antonio, Bates, Bernard, PC, Howard M. Haenel, Sandra A. Lilley, Denver, Colorado, for Plaintiffs–Appellants.

Wells, Anderson & Race, LLC, Cathy Havener Greer, Greg W. LePage, Denver, Colorado, for Defendants–Appellees.

GRAHAM, J.

Plaintiffs appeal the Denver Career Service Authority Board's denial of administrative review regarding their requests for classification to higher pay grades. The district court affirmed the Board's decision, and we affirm the district court's order.

Plaintiffs are collection investigators, collection agents, technical support supervisors, and other employees in the child enforcement unit of the Denver Department of Human Services who filed employment classification requests with the Board. The Board in each case either denied or did not act upon the request.

Plaintiffs then requested administrative review with the Personnel Director. In some cases the Personnel Director affirmed the Board's decisions; however, in most cases the Personnel Director did not act. Plaintiffs then collectively filed a notice of appeal with the Board Hearing Office, seeking reversal of the actual and de facto denials of their requests for administrative review.

During the pendency of plaintiffs' quest for classification, Career Service Rules 19–10 and 7–66 were amended so that classification decisions could no longer be appealed.

The hearing officers dismissed plaintiffs' appeals because "the repeal of Board Rule 7–66, together with the modification of Rule 19–10, removed the appeal process for classifications from the jurisdiction of the Hearings Officer."

The Board then affirmed these decisions, and plaintiffs sought certiorari review pursuant to C.R.C.P. 106, arguing that the Board's conclusion, that amended Rules 19–10 and 7–66 deprived the hearing officers of jurisdiction to hear the appeals, was based upon a retrospective application of the law in violation of the Colorado Constitution. The district court affirmed the Board's decision, concluding that retroactive application of the amended rules did not affect plaintiffs' vested rights, and therefore, it did not violate the constitution. This appeal followed.

■ In an appeal of a C.R.C.P. 106 proceeding, appellate courts review an administrative agency decision de novo. *Droste v. Bd. of County Comm'rs*, 85 P.3d 585, 590 (Colo.App.2003). Review is "limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer." C.R.C.P. 106(a)(4)(I). In determining whether the agency abused its discretion, courts may consider whether the agency misinterpreted or misapplied the applicable law. *Eason v. Bd. of County Comm'rs*, 70 P.3d 600, 609 (Colo.App.2003).

## I. Effect of Amendments

■ Plaintiffs initially contend that the amendments to Rules 19–10 and 7–66 were not properly adopted because notice of the rule amendments was not published in the official newspaper of record. We reject this contention.

Plaintiffs sought review of these amendments under C.R.C.P. 106(a)(4), which applies "[w]here any governmental body or officer or any lower judicial body *exercising judicial or quasi-judicial functions* has exceeded its jurisdiction or abused its discretion" (emphasis added).

■ In determining whether an action is quasi-judicial, the court must consider (1) whether the law requires the acting body to give notice to the public, (2) whether the law requires the body to conduct a hearing, pursuant to notice, where the citizens must be given an opportunity to be heard and present evidence, and (3) whether the law requires the body to make a determination by applying facts in a specific case to certain criteria established by law. *Jafay v. Bd. of County Comm'rs*, 848 P.2d 892 (Colo.1993)(citing *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975)).

■ In contrast, a quasi-legislative function is prospective in nature, is of general application, and requires the balancing of questions of judgment and discretion. *Jafay, supra; Jones v. Colo. Dep't of Corr.*, 53 P.3d 1187 (Colo.App.2002). In such functions, there are no particular applications of law to fact. Therefore, there is no judicial or quasi-judicial discretion to review. *See, e.g., Russell v. City of Central*, 892 P.2d 432, 436 (Colo.App.1995).

We conclude that the rule amendments here were the result of a quasi-legislative proceeding that may be reviewed pursuant to C.R.C.P. 57. *See Condiotti v. Bd. of County Comm'rs*, 983 P.2d 184 (Colo.App.1999). The amendments were not the result of the application of specific facts to legal principles, which would be representative of a judicial proceeding. Rather, the rule amendments were of general application and were meant to be applied to individuals at classification and similar proceedings. *See Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203 (Colo.App.2000). Because the rule amendments were quasi-legislative, we decline to address plaintiffs' argument that the rules were improperly adopted. Instead we agree with the district court that the effectiveness of the amendments cannot be reviewed under C.R.C.P. 106(a)(4). *See Jones, supra; Condiotti, supra.* Although plaintiffs ask on appeal for leave to amend their complaints to raise a claim under C.R.C.P. 57, that matter is not within the scope of our review, plaintiffs not having previously sought leave to amend in the district court. *See* C.A.R. 3 & 4.

## II. Lack of Jurisdiction

Plaintiffs also assert two arguments that the Board abused its discretion in affirming the hearing officers' conclusion that it lacked jurisdiction. Plaintiffs first argue that the amended rules should not have been interpreted so as to completely eliminate appeals of classifications or, alternatively, that a proper reading of Rule 19–10, as amended, actually allows a broader range of appeals now than it did before. Second, plaintiffs argue that the Board abused its discretion in applying the amended rules retroactively. We disagree and reject each contention in turn.

### A. Interpretation of the Amended Rules

■ First, we reject plaintiffs' argument that the hearing officers abused their discretion in interpreting the amended rules so as to deprive the Board of jurisdiction to hear appeals of classifications. We also reject the contention that Rule 19–10 is, under its amended form, broader and more expansive than its predecessor, so that an appeal of classifications is still permitted.

■ Interpretation of personnel rules by the agency charged with enforcement of those rules is generally entitled to great deference. The agency interpretation is to be accepted if it has a reasonable basis in law and is warranted by the record. *Halverstadt v. Dep't of Corr.*, 911 P.2d 654, 657 (Colo.App. 1995); *Abbott v. Bd. of County Comm'rs*, 895 P.2d 1165 (Colo.App.1995).

Prior to the amendments, Rule 7–66 provided that, in connection with classification decisions, "any [applicant] who is aggrieved by [the] action of the Personnel Director or the designee may appeal in accordance with Rule 19 Appeals." Rule 19–10 specifically provided that "the classification of a career service position as provided in paragraph 7–66" is an administrative action which "shall be subject to appeal." The amendments struck this language from Rules 7–66 and 19–10.

■ In reviewing statutes promulgated by the general assembly, we presume that the legislature intends to change the law when it amends a statute. A showing that the legislature only intended the amendment to clarify an ambiguity can rebut this presumption. *People v. Covington,* 19 P.3d 15, 21 (Colo.2001). Thus, if an amendment clarifies the law, the law remains unchanged. *Corsentino v. Cordova,* 4 P.3d 1082, 1091 (Colo.2000). We apply these maxims of interpretation to the Career Service Rules promulgated by the Board. *Lucero v. Dep't of Insts.,* 942 P.2d 1246 (Colo.App.1996).

Here, one Board hearing officer concluded that "notwithstanding the broad language of the current CSR § 19–10 permitting an appeal of a grievance resulting from a 'rule violation,' the Board intended to eliminate all appeals for individual classification audit decisions." The hearing officer then noted: "This would serve to divest the Hearing Officer of subject matter jurisdiction over individual classification appeals under the current Career Service Rules." This interpretation is not contradicted by any language in the new rules. Because we discern no indication that the Board intended simply to clarify the law by amending the rules to eliminate administrative appeals, we defer to the Board's conclusion that amendment of Rule 19–10 and the repeal of Rule 7–66(h) changed the law and eliminated the right to appeal the classification decision of the Personnel Director. *See Corsentino, supra.*

We note that nothing in the current Rule 19–10 even addresses the review of classification decisions. Reading the plain language of the amended rules, it is clear that there is no provision for appealing classification decisions and that the amended version of Rule 19–10 is not broader than the old version, which permitted appeals of classification decisions.

### B. Retroactive Application

■ We next reject the contention that the Board abused its discretion in approving the retroactive application of the amendments to cases which were pending when the amendments were passed.

■ There are two steps in deciding whether a regulation may be applied retroactively. The first is to determine whether the

enacting body intended a retroactive effect; the second is to decide whether the regulation as applied is unconstitutional. *In re Estate of Moring v. Colo. Dep't of Health Care Policy & Fin.*, 24 P.3d 642, 646 (Colo. App.2001).

### 1. Deference to Agency Interpretation

We cannot agree, as plaintiffs argue, that a Board Resolution adopted in 1980 provides historical precedent that rule amendments may only be applied prospectively. In our view, the hearing officers correctly inferred an intent to apply the amendment retroactively.

As a general proposition, laws are presumed to apply prospectively unless there is an expressed intent by the legislature to apply them retroactively. *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo.2002). However, express language of retroactive application is not required for courts to find such intent. *Ficarra v. Dep't of Regulatory Agencies*, 849 P.2d 6, 15 (Colo.1993).

Here, while recognizing the presumption that legislation is to have a prospective effect only, Board hearing officers applied the rule amendments retroactively to plaintiffs' requests. We conclude this application of the rule amendments was reasonable. We discern in the record no intent to preclude retroactive application of the amended rules. The 1980 resolution upon which plaintiffs rely provided that "any formal actions commenced prior to the effective date of this resolution shall be continued to completion (including appeals, if any) under the text of the Personnel Rules in effect at that time." Career Service Board Resolution (Nov. 3, 1980). Nothing in that resolution addresses changes to the personnel rules occurring after 1980.

Further, there is no similar expressed intent in the 2000 rule amendments applicable to plaintiffs' requests for classification. Rather than address the application of Personnel Rules and their appeals, the 2000 amendments omit any reference to those matters. We therefore conclude that the hearing officers' retroactive application of the rule amendments, as affirmed by the Board

that passed the amendments, was reasonable and warranted by the record.

### 2. Vested Rights

Plaintiffs next argue that their right to appeal could only be eliminated prospectively because the right to appeal was a vested and substantive right, as were plaintiffs' rights to classification. Plaintiffs correctly point out that when vested rights are eliminated retroactively, the result is a retrospective and unconstitutional application of the rules. We conclude that the elimination of the right to appeal was not retrospective.

Our Colorado Constitution mandates that "[n]o ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges, franchises or immunities, shall be passed by the general assembly." Colo. Const. art. II, § 11. Although disfavored, the retroactive application of a law is not necessarily unconstitutional; it is permitted where the statute effects a change that is procedural or remedial. *Kuhn v. State*, 924 P.2d 1053, 1057 (Colo. 1996).

A law may be retroactive but not necessarily unconstitutionally retrospective. Where it is retrospective, it takes away or impairs vested rights that were acquired before the unlawfully retrospective law was passed. *Jefferson County Dep't of Soc. Servs. v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980). Once vested, rights survive the attempt to repeal them retrospectively. *Ficarra v. Dep't of Regulatory Agencies, supra*, 849 P.2d at 15.

The promulgation or amendment of Career Service Rules is a legislative function that the General Assembly has delegated to the Board. Thus, on the one hand, the Board's rulemaking is subject to the prohibition against retrospective legislation found in Colo. Const. art. II, § 11. *See In re Estate of Moring, supra*, 24 P.3d at 646. On the other hand, to the extent that the Board's rulemaking is procedural or remedial, its retroactive application will be permitted. *See People v. D.K.B.*, 843 P.2d 1326 (Colo.1993).

■ A law is unconstitutionally retrospective if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. *Ficarra, supra.*

■ Application of a statute to an existing claim for relief does not violate the prohibition against retrospective legislation when the statute effects a change that is not substantive, but only procedural or remedial in nature. Substantive statutes create, eliminate, or modify vested rights or liabilities, while procedural statutes relate only to remedies or modes of procedure to enforce such rights or liabilities. *In re Estate of Moring, supra.*

■ A right is vested only when it is not dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence. *City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 445 (Colo.2000). "[A] vested right 'must be something more than a mere expectation based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another.'" *Ficarra, supra,* 849 P.2d at 16 (quoting *People ex rel. Eitel v. Lindheimer,* 371 Ill. 367, 21 N.E.2d 318, 321 (1939)).

■ Having the benefit of particular procedures or the ability to invoke particular remedies generally does not constitute a vested right. *Comm. for Better Health Care for All Colo. Citizens v. Meyer,* 830 P.2d 884, 891 (Colo.1992). If a law is remedial, it is still considered to be procedural and not substantive, even if its repeal disadvantages the party asserting it. *People v. D.K.B., supra.*

We conclude that the hearing officers' retroactive application of the amended rules was constitutional because their application was merely procedural or remedial and did not impair a vested right.

Here, the right to appeal granted under the old Rule 19–10 is procedural and merely addresses a remedy that may be invoked by an employee after denial of an individual request for classification. The right to appeal emanated from the Board's rules and does not have an existence independent of those rules. This right is not vested. *See People v. D.K.B., supra.* It is a remedy that previously could have been exercised by an employee when his or her request for classification was denied, and therefore its repeal does not impair a vested right: "The abolition of an old remedy, or the substitution of a new one, neither constitutes the impairment of a vested right nor the imposition of a new duty, for there is no such thing as a vested right in remedies." *Cont'l Title Co. v. Dist. Court,* 645 P.2d 1310, 1315 (Colo.1982)(quoting *Jefferson County Dep't of Soc. Servs. v. D.A.G., supra,* 199 Colo. at 318, 607 P.2d at 1006).

Plaintiffs' argument that they had vested contract rights to "be paid fairly" and to receive back pay under the Board's Charter, which rights were abridged by the rule amendments, is unpersuasive. We agree with the Board's conclusion that the *right* to increased payment and back pay as a result of seeking a new classification is not a vested contract right under these circumstances. *Cf. Coombes v. Getz,* 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932)(where vested right arose by contract pursuant to the provisions of the state constitution). Plaintiffs' entitlement to increased compensation and back pay would arise if, and only if, they were reclassified. These rights are not intertwined with the right to appeal a classification decision, but rather are merely expectations contingent upon the decision of the Board. They are not vested rights existing independently of the Board's rules. *See In re Estate of DeWitt, supra,* 54 P.3d at 856.

Plaintiffs cite Denver City Charter § C5.26 for the proposition that its guarantee that employees will be paid "prevailing wages" creates a contract right which is vested. However, the charter states that employees in their then current classifications are entitled to pay rates "equal to generally prevailing rates in the Denver metropolitan

area *as determined by the Career Service Authority.".* The charter language supports the notion that currently classified employees have only an expectation that they can seek classification to a higher pay grade, which expectation may or may not become vested, depending upon the determination of the Career Service Authority.

We also reject plaintiffs' contention that the right to appeal is the only means of protecting their right to compensation and, therefore, the remedy has become a vested right in itself. *See Greene v. United States,* 376 U.S. 149, 160, 84 S.Ct. 615, 621–22, 11 L.Ed.2d 576 (1964); *Brown v. Challis,* 23 Colo. 145, 46 P. 679 (1896).

We distinguish the authority upon which plaintiffs rely. In *Greene* the retroactive application of a departmental regulation would have required the plaintiff to satisfy additional procedural requirements to receive monetary restitution for being discharged. The plaintiff was not aware of these requirements at the time of his discharge and, consequently, was unable to satisfy them. Thus, application of the new regulation would have effectively deprived the plaintiff in *Greene* of monetary restitution to which he was entitled under the former regulation. In the present matter, the amended rules did not add an additional requirement that would have effectively eliminated plaintiffs' right to compensation. They merely abolished a procedural remedy that was triggered only after a request for reclassification had been denied.

In *Brown v. Challis, supra,* the court concluded that a statutory amendment which prohibited the sale of mining property in a partition proceeding was unconstitutionally retrospective. The court reasoned, "Mining property, from its very nature, is not, as a rule, susceptible of partition. The ores are unevenly distributed, while the values are purely conjectural until tested ... the only feasible relief that can be awarded is a decree for the sale of the property. Take away this relief, and no cause of action can be maintained." *Brown, supra,* 23 Colo. at 148, 46 P. at 680. Employing this reasoning, the court in *Brown* concluded, "Right and remedy are reciprocal. Take away a plaintiff's remedy, and you destroy the value of his

right." *Brown, supra,* 23 Colo. at 149, 46 P. at 680.

We do not perceive similar circumstances here. In *Brown,* the court concluded that the sale of property was the only remedy available in an action for partition. Here, the Board merely eliminated a procedural remedy previously afforded to employees after the request for classification had been denied. This did not destroy the plaintiffs opportunity to be reclassified.

Plaintiffs otherwise rely on authority standing for the proposition that retrospective legislation violates both the United States and Colorado Constitutions when it abridges vested rights. *See, e.g., Landgraf v. USI Film Prods.,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Because we have concluded that the right to appeal in this context is merely a procedural and remedial right, we find the authority upon which plaintiffs rely inapposite.

We further conclude that the amended rules do not create a new obligation, impose a new duty, or attach a new disability. The applicable rules do not impose any new obligations or duties on plaintiffs, and because the right to appeal was merely an expectancy interest under the former rules, we cannot say that the repeal of that right "imposes a new disability." *See In re Estate of DeWitt, supra,* 54 P.3d at 857.

In light of our conclusion that application of the amended Rule 19–10 was not unconstitutionally retrospective, we reject plaintiffs' arguments that the Board abused its discretion in affirming the hearing officers' conclusions that they were without jurisdiction to address plaintiffs' appeals.

### III. Equitable Estoppel

Plaintiffs also argue that the Board was equitably estopped from declining to hear their appeals. We disagree.

The following elements must be established to support a claim of equitable estoppel: the party to be estopped must know the facts and either intend the conduct to be acted on or so act that the party asserting estoppel must be ignorant of the true facts,

and the party asserting estoppel must rely on the other party's conduct with resultant injury. *Comm. for Better Health Care for All Colo. Citizens v. Meyer, supra,* 830 P.2d at 891–92.

Here, plaintiffs argue that the Board's issuance of classification notices, representing to plaintiffs that they had the right to appeal, precludes the Board from denying plaintiffs' right to appeal under the amended rules. This claim was not raised before any of the Board hearing officers; rather, it was raised for the first time before the district court. As the district court noted, there was "no evidence that [the] issue was raised in administrative proceedings." Because the district court could only address, in C.R.C.P. 106 proceedings, issues that were properly presented for determination by the administrative agency, the court properly affirmed the discretionary decision of the administrative agency. *Comm. for Better Health Care for All Colo. Citizens v. Meyer, supra; see also Debalco Enters., Inc. v. Indus. Claim Appeals Office,* 32 P.3d 621 (Colo.App.2001)(arguments not raised in administrative proceedings are not preserved for appellate review).

The order of the district court is affirmed.

Judge MARQUEZ and Judge HAWTHORNE concur.