24CA0434 Mercer v Colo Spgs 11-14-2024 modified

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0434
El Paso County District Court No. 23CV31684
Honorable Gregory R. Werner, Judge

---

Lianne Mercer; Jeremy Mercer; Karen Sublett; Barbara Snow; Ultreia Homes LLC, a Colorado LLC, d/b/a Courtyard at San Miguel and Yuma; Kevin Comesky; Marissa Comesky; William Snider; Ruth Snider; Sylvia Wulf; Tracy Schlotman; Sara Webb; Ethan Howard; Lauren Howard; Mack Mason; and Abdillahi Jama Buni,

Plaintiffs-Appellants,

v.

City of Colorado Springs, City Council,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE NAVARRO
Dunn and Gomez, JJ., concur

Opinion Modified on the Court's Own Motion
Petition for Rehearing DENIED

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 14, 2024

---

Frederick W. Newall, Colorado Springs, Colorado, for Plaintiffs-Appellants

Wynetta P. Massey, City Attorney, Brian Stewart, Senior City Attorney, Colorado Springs, Colorado, for Defendant-Appellee

OPINION is modified as follows:

**Added footnote 1 on Page 6 reads:**

¹ Some plaintiffs objected on various grounds to the removal of the Condition of Record requiring all activities to be conducted entirely within a building. Plaintiffs, however, did not object on the ground that the project violated the Condition of Record prohibiting auto service businesses.

¶ 1	Plaintiffs, owners of residential property in Colorado Springs, Colorado, appeal the district court's order upholding the Colorado Springs City Council's decision adopting City Ordinance 23-38, which rezoned certain land. We affirm.

## I. Factual and Procedural History

¶ 2	In January 2023, Kum & Go, LLC (the applicant) sought approval from the City to construct a convenience store with a gas station on a vacant lot. The land was zoned as "PBC/cr" (Planned Business Center with Conditions of Record). The Conditions of Record included the following:

(1)	a prohibition of auto service businesses, bars, sexually oriented businesses, medical marijuana businesses, and liquor stores;

(2)	a requirement that all activities be conducted entirely within a building;

(3)	a prohibition on storing materials outside; and

(4)	a maximum building height of thirty feet.

¶ 3	The applicant ultimately requested removal of the second condition: that all activities be conducted entirely within a building.

1

After review, the City's staff supported changing the zoning of the property in accordance with the applicant's request.

¶ 4    The Colorado Springs Planning Commission held a public hearing about the project. Residents had the opportunity to offer their views on the project. After the hearing, the planning commission recommended that the City Council remove the relevant Condition of Record, as memorialized in Ordinance 23-38. The commission also recommended approval of the applicant's concept plan for the property.

¶ 5    The City Council convened a public hearing about the zoning change, after which the City Council approved Ordinance 23-38 and the applicant's concept plan.

¶ 6    Plaintiffs challenged the City Council's decision in the district court under C.R.C.P. 106(a)(4). In their opening brief, plaintiffs claimed the City Council (1) violated their due process rights by removing the Condition of Record requiring all activities be conducted entirely within a building; (2) erred by failing to conclude that the applicant's planned development was a prohibited "auto service" under the first Condition of Record; and (3) abused its

discretion by approving construction of the project over residents' objections.

¶ 7  The district court rejected the arguments on the merits and denied plaintiffs relief.

¶ 8  In this appeal, plaintiffs argue that the City Council abused its discretion or exceeded its jurisdiction by approving the zoning change and permitting construction of the convenience store. Specifically, they claim that the Condition of Record prohibiting auto service businesses applies to the applicant's project because the convenience store will sell automobile fuel. Because plaintiffs did not raise this argument before the City Council, however, we affirm the district court's order, albeit on different grounds. *See People v. Chase*, 2013 COA 27, ¶ 17 ("[W]e may affirm a trial court's ruling on grounds different from those employed by that court, as long as they are supported by the record.").

## II.  Analysis

### A.  Relevant Law

¶ 9  Rule 106(a)(4) permits a party to challenge in the district court the action of a governmental body exercising judicial or quasi-judicial authority as in excess of its jurisdiction or an abuse of its

discretion. Because we are in the same position as the district court, we review the court's decision de novo and assess whether the governmental body (here, the City Council) exceeded its jurisdiction or abused its discretion. *See Berges v. Cnty. Ct.*, 2016 COA 146, ¶ 6. Like the district court, we have no factfinding authority on review and look only to the record before the governmental body. *Canyon Area Residents for the Env't v. Bd. of Cnty. Comm'rs*, 172 P.3d 905, 907 (Colo. App. 2006).

¶ 10    We may review a Rule 106(a)(4) claim only if it was first presented to the governmental body. *Abromeit v. Denver Career Serv. Bd.*, 140 P.3d 44, 53 (Colo. App. 2005) ("[T]he district court could only address, in C.R.C.P. 106 proceedings, issues that were properly presented for determination by the administrative agency . . . ."); *see also Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 624 (Colo. App. 2001) ("[B]ecause these issues were not raised in the administrative proceedings, they were not preserved for our review, and we do not address them.").

## B.    Application

¶ 11    Plaintiffs contend that the ordinance applicable to the project site prohibits "auto services," which includes businesses that

provide fuel as the applicant's project would do. Thus, plaintiffs claim the City Council abused its discretion by failing to conclude that the project was prohibited by the Conditions of Record for the property.

¶ 12     Contrary to C.A.R. 28(a)(7)(A), however, plaintiffs in their opening brief do not address whether this issue was preserved or cite the precise location in the record where the issue was raised before the City Council. For this reason alone, we reject their appellate claim. *See Black v. Black*, 2018 COA 7, ¶ 67 ("'Judges are not like pigs, hunting for truffles buried in' the parties' submission.") (alteration omitted) (citation omitted); *O'Quinn v. Baca*, 250 P.3d 629, 631 (Colo. App. 2010) (explaining that the purpose of the relevant provision in Rule 28 is to relieve courts from the burden of having to search records to determine whether — and, if so, how — issues had been raised and resolved below).

¶ 13     In its answer brief, the City argues that "[b]ecause [p]laintiffs did not raise this issue with [the] City Council, they cannot raise it now." In their reply brief, plaintiffs do not dispute the City's claim that they failed to raise this issue with the City Council. Instead, they effectively concede that they did not raise the issue then. They

ask (without furnishing an answer), "[H]ow could they make these arguments without first being appraised of the government body's decision in question?" But simply posing a rhetorical question is not a cogent argument. In any event, the public was made aware that the City Council was considering whether to approve the applicant's proposal to rezone the property at issue and the applicant's plan to include gas pumps. It was incumbent on plaintiffs to raise any pertinent objection to that rezoning when the matter was before the City Council. But they did not raise their current objection then.[1]

¶ 14 Consequently, because plaintiffs' appellate issue was not preserved before the governmental body, we affirm the district court's order denying relief. *See Wolf Creek Ski Corp. v. Bd. of Cnty. Comm'rs*, 170 P.3d 821, 831 (Colo. App. 2007) ("[P]laintiffs do not dispute the developer's assertion that they failed to raise those arguments before the board. Thus, we will not consider them.").

---

[1] Some plaintiffs objected on various grounds to the removal of the Condition of Record requiring all activities to be conducted entirely within a building. Plaintiffs, however, did not object on the ground that the project violated the Condition of Record prohibiting auto service businesses.

## III. Conclusion

¶ 15     The judgment is affirmed.

JUDGE DUNN and JUDGE GOMEZ concur.